[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 3646
The defendants, Ann Twaite and James Twaite, have moved for summary judgment, claiming that the plaintiffs, Yvonne M. Numberg and Terrell Brown, cannot maintain this personal injury action because of the entry of a default against them in a prior case brought by the defendants for property damage arising from the same automobile collision.
It is undisputed that the present defendants sued Yvonne M. Numberg for property damage claimed to have been caused by her negligence in operating a motor vehicle on December 19, 1990, on Route I-95 near exit 48. Though Terrell Brown was also named as a defendant as owner of the vehicle operated by Yvonne M. Numberg, service was not made on Brown. A default for failure to appear was entered against Numberg following service that was found to comply with the provisions of 52-62 C.G.S. In support of her motion, Numberg asserted that she had not appeared because she had never been served with process and that service had been made by serving the Commissioner of Motor Vehicles and by mailing by certified mail a copy of process to an address which was no longer her residence at the time. That notice was returned and did not reach Numberg. Numberg concedes that she lived out of state at the time of service, and she does not assert that the address listed in the process and used for the certified mailing was other than the last address she had identified to the Commissioner of Motor Vehicles. Numberg's motion to open the default judgment was denied. The parties have not indicated that any appeal is pending.
The present defendants plead that pursuant to the doctrines of res judicata and claim preclusion, they are entitled to judgment because the judgment in their claim for property damage established that Numberg was at fault in causing the collision.
The plaintiffs do not assert, and the court does not find, that there is any genuine issue as to any material fact within the meaning of 384 P.B., but that the issue of claim preclusion is a matter of law.
The Connecticut Supreme Court has recognized that summary judgment is "the appropriate method for resolving a claim of res judicata." Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 712
(1993); Zizka v. Water Pollution Control Authority, 195 Conn. 682, CT Page 3647 687 (1985).
Where issue preclusion, rather than claim preclusion, was raised, the Supreme Court in Jackson, supra, concluded that "[al]though not every default judgment should have the same issue preclusive effect as an actual adjudication between the present parties in the interest of judicial economy and repose for litigants, we envision some circumstance where it would be appropriate to give preclusive effect to a default judgment. We have previously noted, after addressing the scope of issue and claim preclusion, that the appropriate inquiry with respect to both types of preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding. (Internal quotation marks omitted). (Emphasis supplied). Jackson v. R. G. Whipple, Inc., supra, 225 Conn. 717-18; quoting State v. Ellis, 197 Conn. 436, 464-65 n. 22.
In deciding the adequacy of the prior opportunity to litigate in Jackson, the Court focused on whether the plaintiff had actually presented to the court in the prior litigation the issues which she sought to raise in the later litigation, and whether the Court had expressly ruled on those issues in denying her motion to open the default judgment. Jackson, supra, 225 Conn. 718-19. Because it found that the reason for denial of the motion to open was not clearly a ruling on the merits of the issues presented, the Court concluded that "[w]e cannot say, therefore, that she was afforded a full and fair opportunity to explore the factual issues she later sought to litigate in her abuse of process claim" and the Court therefore found that summary judgment on the ground of res judicata had been improperly granted. Jackson, supra, 225 Conn. 719-20. The remand indicates that a court reviewing a res judicata claim must determine whether an issue was actually litigated, not whether there was an "opportunity" to litigate it. By inspecting the pleadings, the Court in Jackson could have determined whether there was an "opportunity". It did not proceed in that manner but instead determined that no actual litigation of the issue had occurred.
The Court's analysis in Jackson appears to mark a retreat from its ruling in Slattery v. Maykut, 176 Conn. 147, 157 (1978), in which it more firmly recognized the preclusive effect of a default judgment. In Jackson, 225 Conn. 705 n. 6, the Court noted that Slattery was decided before the American Law Institute adopted, in the Restatement (Second) of Judgments (1980), the position that a default based on a failure to appear should not be accorded broad CT Page 3648 preclusive effect.
The Restatement (Second) of Judgments counsels, in comment e to Section 27 (1982), that "[i]n the case of a judgment entered by confession, consent or default, none of the issues is actually litigated;" and the Court in Jackson, supra, 225 Conn. 716 noted that Professors Fleming James and Geoffrey Hazard, two authorities on the Restatement, have stated "if a defendant over whom jurisdiction has been obtained defaults of appearance or fails to plead or otherwise defend, nothing is put in issue save possibly the facts needed to give the court jurisdiction over the subject matter. No other matter or point, then, becomes binding on the parties in later actions upon different claims." F. James v. G. Hazard, Civil Procedure (3d Ed.) 1985 11.17. Where, as here, the statutory requirements for service were satisfied but Numberg did not receive actual notice, this court finds that the claims and issues Numberg seeks to raise were not "actually litigated" when the court entered a default judgment in the defendants' case against her for property damage.
While a party who has appeared but who has been defaulted for failure to plead may perhaps be said to have had an opportunity to litigate a claim that the other party, not herself, was at fault in causing a collision, this court concludes that a party who, though within the jurisdiction of the court through compliance with 52-62
C.G.S., has not appeared is not precluded from asserting her own claim arising from the same collision after suffering a default judgment.
The Connecticut Supreme Court in Jackson indicated only that some default situations may give rise to preclusive effect and did not require that such effect be given with regard to claims of a party defaulted on an opponent's claims against her. In the situation now before this court, neither the plaintiff's claims of personal injury nor the cause of the collision was "actually litigated" by the default in the property damage case. While the defendants argue that the issue of negligence was necessarily resolved against Numberg; Costello v. Hartford Institute of Accounting, Inc., 193 Conn. 161 n. 1 (1984), the issue of comparative negligence was not before the court in the prior case. Numberg may recover in her personal injury action even if she was negligent, so long as she was less negligent than the defendants; and that issue was neither litigated nor decided in the prior case.
Federal courts have ruled that issues concluded by default are CT Page 3649 not "actually litigated" and should not be given preclusive effect in subsequent litigation. See, e.g., In re Raynor, 922 F.2d 1146,1149-50 (4th Cir. 1991); Practical Concepts, Inc. v. Republic of Bolivia, 811 F.2d 1543, 1551 (D.C. Cir. 1987).
Finding that the issues and claims raised in the present action were not "actually litigated" in the prior action against Numberg, within the meaning of 27 of the Restatement (Second) of Judgments, this court finds that Numberg's present claim is not precluded.
Since Terrell Brown was never served with process in the prior action, he was not a party to that action, and the default judgment against another defendant can have no preclusive effect on him.
The motion for summary judgment is denied as to both Yvonne Numberg and Terrell Brown.
Beverly J. Hodgson Judge of the Superior Court